**SO ORDERED.**

**SIGNED this 21 day of June, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

| | |
|---|---|
| THOMAS E. BROWN, III | CHAPTER 11 |
| | CASE NUMBER: 07-02856-8-RDD |
| Debtor | |

| | |
|---|---|
| ETHERIDGE OIL COMPANY, INC. | ADVERSARY PROCEEDING |
| | NUMBER: 08-00230-8-RDD |
| Plaintiff | |
| v. | |
| THOMAS E. BROWN, III, MICHAEL K. BARNES, W. WATSON BARNES, DAVID W. WOODARD, ROBIN BROWN MERRITT, and BROWN OIL COMPANY, INC., GEORGE MASON OLIVER | |
| Defendants | |

### ORDER ON OBJECTIONS TO DISCHARGEABILITY

Pending before the Court is the complaint filed by Etheridge Oil Company, Inc. ("Plaintiff") on October 30, 2008 initiating the Adversary Proceeding against Thomas E. Brown, III, Michael K. Barnes, W. Watson Barnes, David W. Woodard, Robin Brown Merritt, and Brown Oil Company,

Inc. The Court conducted the trial of the adversary proceeding on May 15, 2012 in Wilson, North Carolina.[1]

Thomas E. Brown ("Mr. Brown") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on August 3, 2007. The Court dismissed Mr. Brown's Chapter 11 bankruptcy case on November 30, 2011 for failure to comply with post-confirmation reporting requirements and pay required quarterly fees.

In an order entered simultaneously with this order, the Court determined there is authority for the bankruptcy court to enter final judgment on the Plaintiff's claims for breach of contract and objection to dischargeability pursuant to 11 U.S.C. § 523.[2] The objections to dischargeablity of the debts of Mr. Brown are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

Plaintiff alleges the total amount of indebtedness owed by Brown Oil Company, Inc. should be determined non-dischargeable as to Mr. Brown pursuant to 11 U.S.C. § 523(a)(2), (7). The Court notes in the Amended Complaint, Plaintiff objects to discharge pursuant to 11 U.S.C. § 523(a)(7). However, the Amended Complaint states defendant, Mr. Brown, "committed willful and malicious injury to the Plaintiff and to the Plaintiff's property." Am. Compl. at 12 ¶ 75 *Etheridge Oil Co. v. Brown, (In re Brown)*, No. 08-00230-8-RDD (Bankr. E.D.N.C. Oct. 15, 2010). Therefore, the Court shall treat the objection as one pursuant to 11 U.S.C. 523(a)(6), which excepts debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

---

[1]The Court recessed on May 15, 2012 and reconvened on May 21, 2012.

[2]Based on the consent of the parties, the Court determined it had authority to hear the remaining North Carolina state law claims brought by Plaintiff and refer proposed findings of fact and conclusions of law to the district court pursuant to Federal Rule of Bankruptcy Procedure 9033.

2

Section 532(a)(2) excepts debts obtained by false pretenses, false representation, or actual fraud or by a materially false, written statement concerning the debtor's financial condition made with the intent to deceive on which the creditor reasonably relied upon.  Section 523(a)(6) excepts debts from discharge for willful and malicious injury by the debtor to another entity or to the property of another entity.

The Court finds that Mr. Brown's Chapter 11 bankruptcy case was dismissed on November 30, 2011.  Therefore, Mr. Brown is not entitled to receive a discharge and any objection thereto is **MOOT**.  Therefore, any objections to the dischargeability of debts in Mr. Brown's bankruptcy case are **DISMISSED**.[3]  The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

**END OF DOCUMENT**

---

[3] Neither the Complaint nor the Amended Complaint objected to the discharge of any other defendant in this adversary proceeding with a pending bankruptcy case. As such, any objection to the dischargeability of the debts of Michael and Lori Barnes  (case number 11-05482-8-RDD) or Brown Oil Company, Inc. (case number 10-08577-8-RDD) has not been properly pled.