**SO ORDERED.**

**SIGNED this 21 day of June, 2012.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| **IN RE:** | |
| **THOMAS E. BROWN, III** | **CHAPTER 11** |
| | **CASE NUMBER: 07-02856-8-RDD** |
| Debtor | |

| | |
|---|---|
| **ETHERIDGE OIL COMPANY, INC.** | **ADVERSARY PROCEEDING** |
| | **NUMBER: 08-00230-8-RDD** |
| Plaintiff | |
| v. | |
| **THOMAS E. BROWN, III, MICHAEL K. BARNES, W. WATSON BARNES, DAVID W. WOODARD, ROBIN BROWN MERRITT, and BROWN OIL COMPANY, INC., GEORGE MASON OLIVER** | |
| Defendants | |

### ORDER ON BREACH OF CONTRACT

Pending before the Court is the complaint filed by Etheridge Oil Company, Inc. ("Plaintiff") on October 30, 2008 initiating the Adversary Proceeding against Thomas E. Brown, III, Michael K. Barnes, W. Watson Barnes, David W. Woodard, Robin Brown Merritt, and Brown Oil Company,

Inc. The Court conducted the trial of the adversary proceeding on May 15, 2012 in Wilson, North Carolina.[1]

## BACKGROUND

Thomas E. Brown ("Mr. Brown") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code") on August 3, 2007. The Court dismissed Mr. Brown's Chapter 11 bankruptcy case on November 30, 2011 for failure to comply with post-confirmation reporting requirements and pay required quarterly fees.

Prior to dismissal of Mr. Brown's Chapter 11 case, Plaintiff filed the complaint asserting ten claims including breach of contract; unjust enrichment, constructive trust, and equitable lien; fraud; negligent misrepresentation; breach of fiduciary duty and constructive fraud; unfair and deceptive trade practices; civil conspiracy; violation of the Uniform Fraudulent Transfer Act; and objection to dischargeability of debt pursuant to 11 U.S.C. § 523(a)(2), (7).

On March 4, 2009, the parties filed a stipulation of dismissal with prejudice as to defendant Robin Brown Merritt. Plaintiff amended the complaint on October 15, 2010 to include an eleventh claim for piercing the corporate veil under North Carolina state law.

After the Amended Complaint was filed, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed on October 19, 2010 as to Brown Oil Company, Inc. ("Brown Oil") (case number 10-08577-8-RDD).

In the Amended Complaint, Plaintiff alleges that from 2004 until approximately June 2008, Brown Oil received on credit deliveries of gasoline, ultra-low sulfur diesel, and kerosene. According to Plaintiff, Brown Oil executed an Automated Clearing House Agreement ("ACH Agreement")

---

[1] The Court recessed on May 15, 2012 and reconvened on May 21, 2012.

authorizing Plaintiff and its fuel transport company to initiate automatic drafts from Brown Oil's bank account with Branch Banking and Trust ("BB&T") for payment of fuel deliveries. Plaintiff claims that Brown Oil defaulted on payments for deliveries of fuel by failing to make sufficient funds available for numerous drafts, terminating authorization to complete drafts with BB&T, and refusing to execute security instruments to secure the amount of indebtedness. The remainder of Plaintiff's claims against Brown Oil stem from the failure to make payment for fuel delivered to Brown Oil and allegations that the shareholders, directors, and managers of Brown Oil are personally responsible for the debt owed to Plaintiff.

## JURISDICTION

Section 1334 of Title 28 of the United States Code conveys original and exclusive jurisdiction of all cases under Title 11 to district courts. The district courts have original and exclusive jurisdiction of all cases under Title 11 and "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." 28 U.S.C. § 1334(a), (b). Pursuant to 28 U.S.C. § 157(a) and the General Order of Reference of the United States District Court for the Eastern District of North Carolina dated August 3, 1984 any or all proceedings under Title 11 are referred to the bankruptcy courts.

The bankruptcy court's "authority to enter a final order hinges on whether the bankruptcy proceeding is 'core' or 'non-core.'" *In re Southeastern Materials, Inc.*, 467 B.R. 337, 345 (Bankr. M.D.N.C. 2012) (citing 28 U.S.C. § 157). Section 157(b)(1) grants a bankruptcy judge authority to enter a final order in core proceedings while § 157(b)(2) provides a non-exhaustive definition of a core proceeding. *Id.* at 346. Core proceedings include, but are not limited to matters concerning

administration of the estate, allowance or disallowance of claims against the estate, and objections to discharge. 28 U.S.C. § 157(b)(2)(A), (B), (I).

The parties stipulate the claims at issue in the adversary proceeding are based on North Carolina state law and are brought by a creditor as a part of the claims process and the Court has jurisdiction to hear the matter pursuant to 28 U.S.C. §§ 151, 157(a). *Etheridge Oil Co. v. Brown, (In re Brown)*, No. 08-00230-8-RDD at 2 ¶ H (Bankr. E.D.N.C. March 13, 2012). Furthermore, the parties consent to this Court hearing any non-core claims under 11 U.S.C. § 157(c)(1) and submitting proposed findings of fact and conclusions of law related thereto to the district court pursuant to Federal Rule of Bankruptcy Procedure Rule 9033. *Id.* at 3 ¶ I.

The Court finds the claim for relief for breach of contract is a core proceeding as set forth in 11 U.S.C. § 157(b)(2)(A), (B) as it involves the administration of the estate and the allowance or disallowance of a claim against the estate in the Brown Oil bankruptcy case. Furthermore, the Court finds the objections to dischargeability pursuant to 11 U.S.C. § 526(a)(2), (7) are core proceedings as set forth in 11 U.S.C. § 157(b)(2)(J). The Court finds the remaining claims for relief are non-core proceedings pursuant to 11 U.S.C. § 157(c)(1) and shall submit proposed findings of fact and conclusions of law to the district court in accordance with Federal Rule of Bankruptcy Procedure 9033.

## BREACH OF CONTRACT

In support of the claim for breach of contract, Plaintiff alleges Brown Oil failed to tender payment for fuel deliveries in January and June 2008.

Based on the evidence presented at the trial of the adversary proceeding, the Court finds Plaintiff and Brown Oil executed an ACH Agreement on July 12, 2004. Plaintiff brought to Brown Oil and Brown Oil executed an updated ACH Agreement on December 18, 2007. The ACH

Agreement authorized Plaintiff to initiate transactions against Brown Oil's bank account with BB&T based on fuel delivered from Plaintiff to Brown Oil. The terms of the ACH Agreement require either party to give thirty days prior written notice in order to terminate the agreement. In the event that one party terminates the ACH Agreement, the agreement shall remain in effect as to any transactions occurring before the termination date.

In January 2008, Plaintiff delivered fuel to Brown Oil on multiple occasions for which Plaintiff initiated drafts pursuant to the ACH Agreement, but there were insufficient funds to pay the total amount of the transaction. The majority of these payments were later tendered by Brown Oil. However, payment for three transactions totaling $56,336.43 was never made to Plaintiff because of a bookkeeping error. Again in June 2008, Plaintiff initiated drafts as payment for delivery of fuel to Brown Oil and received notice of insufficient funds in Brown Oil's account. On June 18, 2008, Brown Oil directed BB&T to terminate Plaintiff's authority to initiate drafts from its bank account. An officer of Plaintiff did not learn Brown Oil terminated Plaintiff's authorization to initiate drafts from Brown Oil's BB&T bank account until June 20, 2008.

At the trial, Plaintiff's Chief Operating Officer, Michael Doty, testified that Plaintiff's aged accounts receivable report indicates Brown Oil failed to tender $867,194.70 for fuel delivered by Plaintiff between January 2008 and July 2008. The Court finds Brown Oil failed to pay Plaintiff for the following fuel deliveries:

| Transaction Date | Invoice Date | Amount |
| --- | --- | --- |
| 1/13/2008 | 1/23/2008 | $20,735.36 |
| 1/14/2008 | 1/24/2008 | $35,601.07 |
| 6/02/2008 | 6/12/2008 | $98,042.82 |
| 6/07/2008 | 6/17/2008 | $34,145.28 |
| 6/08/2008 | 6/18/2008 | $97,060.70 |

| | | |
|---|---|---|
| 6/09/2008 | 6/19/2008 | $35,097.01 |
| 6/10/2008 | 6/20/2008 | $45,310.66 |
| 6/11/2008 | 6/21/2008 | $95,034.58 |
| 6/12/2008 | 6/22/2008 | $133,483.61 |
| 6/13/2008 | 6/23/2008 | $68,942.53 |
| 6/14/2008 | 6/24/2008 | $32,974.69 |
| 6/15/2008 | 6/25/2008 | $62,668.58 |
| 6/16/2008 | 6/26/2008 | $69,511.91 |
| 6/27/2008 | 7/7/2008 | $33,474.69 |
| 7/17/2010 | Non-sufficient funds check | $5,111.21 |
| | Total: | $867,194.70 |

Therefore, the Court finds Brown Oil entered into a contractual relationship with Plaintiff by way of the ACH Agreement. Brown Oil breached its obligation of payment for fuel deliveries by failing to make sufficient funds available to satisfy Plaintiff's drafts pursuant to the ACH Agreement, and by terminating Plaintiff's authority to initiate drafts without proper notice. As such, the Court finds Brown Oil is indebted to Plaintiff in the amount of $867,194.70.

Therefore, it is **ORDERED** Plaintiff shall have an allowed unsecured claim in the Brown Oil bankruptcy case (case number 10-08577-8-RDD) and judgment shall be entered in favor of Plaintiff in the amount of $867,194.70. The Clerk of Court is directed to enter judgment in favor of the Plaintiff against the Defendant Brown Oil in the amount of $867,194.70.

The Court shall enter an order simultaneously with this order on Plaintiff's objection to dischargeability of debt pursuant to § 523(a)(2), (7).

**SO ORDERED.**

**END OF DOCUMENT**