IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-MC-36-BO

| | |
|---|---|
| IN RE: THOMAS E. BROWN, III,<br>   Debtor | )<br>)<br>) |
| ETHERIDGE OIL COMPANY, INC.,<br>   Plaintiff,<br>   v.<br>THOMAS E. BROWN, III, MICHAEL K.<br>BARNES, W. WATSON BARNES,<br>DAVID W. WOODARD, ROBIN<br>BROWN MERRITT, BROWN OIL<br>COMPANY, INC., GEORGE MASON<br>OLIVER,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

O R D E R

Pursuant to the provisions of Bankruptcy Rule 9033, in the absence of objections filed by the parties, and following its *de novo* review, the Court ACCEPTS the Proposed Findings of Fact and Conclusions of Law filed by the United States Bankruptcy Court for the Eastern District of North Carolina in this matter. The Proposed Findings of Fact and Conclusions of Law [DE 5] are incorporated by reference as if fully set forth herein, and judgment shall be entered in this matter as follows:

 1. Plaintiff has failed to prove the allegations set forth in the Second Claim of Relief: unjust enrichment/constructive trust/equitable lien, and therefore, the same is denied.

 2. Plaintiff has failed to prove the allegations set forth in the Third Claim of Relief: fraud, and therefore, the same is denied.

 3. Plaintiff has failed to prove the allegations set forth in the Fourth Claim of Relief: negligent misrepresentation, and therefore, the same is denied.

4. Plaintiff has failed to prove the allegations set forth in the Fifth Claim of Relief: breach of fiduciary duty/constructive fraud, and therefore, the same is denied.

5. Plaintiff has failed to prove the allegations set forth in the Sixth Claim of Relief: unfair and deceptive trade practices, and therefore, the same is denied.

6. Plaintiff has failed to prove the allegations set forth in the Seventh Claim of Relief: civil conspiracy, and therefore, the same is denied.

7. Plaintiff has failed to prove the allegations set forth in the Eighth Claim of Relief: Uniform Fraudulent Transfer Act violation, and therefore, the same is denied.

8. Plaintiff has failed to prove the allegations set forth in the Eleventh Claim of Relief: piercing the corporate veil, and therefore, the same is denied.

9. Each party shall pay their own costs including attorney's fees in this cause of action.

SO ORDERED, this 29 day of August, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE